**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

SANKONA GRAHAM,

Plaintiffs,

v.

AMANDA AMACKER, *et al.*,

Defendant.

Case No. 2:26-cv-01859-RFB-EJY

**ORDER**

Before the Court is the Report and Recommendation of the Honorable Elayna J. Youchah, United States Magistrate Judge (ECF No. 52). For the following reasons, the Court accepts this recommendation in full.

## I. BACKGROUND

Plaintiff Sankona Graham is an inmate in the custody of the Nevada Department of Corrections ("NDOC") at High Desert State Prison. On June 18, 2026, Plaintiff submitted a handwritten, thirty-one-page "Emergency" complaint naming dozens of defendants. See ECF Nos. 1, 1-1. The defendants include NDOC and its employees, the State of Nevada, court clerks, law offices, professional sports leagues, teams, players, and coaches, and media organizations. See ECF No. 1-1 at 1. The complaint invokes 42 U.S.C. §§ 1983, 1985, and 1986, the federal kidnapping statute, 17 U.S.C. §§ 500–505, and racketeering laws. See id. It alleges, among other things, that defendants have conspired to kidnap, rape, poison, and murder Plaintiff's family and associates; to administer "probes" to Plaintiff; to impersonate Plaintiff and others; and to embezzle Plaintiff's royalties, music, and inheritance. See id. at 2–12. Plaintiff seeks hundreds of billions of dollars in damages, as well as injunctive relief. See id. at 10–12. Plaintiff did not pay the filing fee

when he initiated this action. He has since filed applications to proceed *in forma pauperis*, which remain pending. See ECF Nos. 3, 4, 13, 15. Plaintiff then filed a large volume of motions, notices, letters, and other submissions. Between June 25 and August 6, 2026, he filed sixteen motions. On August 10, 2026, Magistrate Judge Youchah ordered Plaintiff not to submit additional documents until the Court ruled on those sixteen filings. See ECF No. 34. Plaintiff objected to that order. See ECF Nos. 36, 49. He continued to file motions, and he also lodged a further complaint. See ECF No. 28. The Court has reviewed this submission and finds that it suffers from the same deficiencies as the original complaint.

On September 9, 2026, Magistrate Judge Youchah issued the Report and Recommendation now before the Court. See ECF No. 52. It recommends that this matter be dismissed with prejudice because Plaintiff's claims are "prolix, frivolous, and largely indecipherable." It also recommends that all pending motions be denied and Plaintiff's objections overruled. Finally, it recommends that Plaintiff be ordered to show cause why he should not be declared a vexatious litigant. See id. at 4. The Report and Recommendation catalogs Plaintiff's litigation history in this District. That history includes numerous cases and a pattern of repetitive filings, many of them made after the relevant case was closed. See id. at 1–3.

Plaintiff timely objected to the Report and Recommendation on September 15, 2026. See ECF No. 56; FED. R. CIV. P. 59. Since then, he has continued to file motions. As of this Order, Plaintiff has filed more than thirty motions and three objections in this case. On October 16, 2026, Plaintiff filed a notice of appeal. See ECF No. 65. No final judgment or other appealable order has been entered in this case, so the appeal is premature and does not divest the Court of jurisdiction to rule on the Report and Recommendation. See generally 28 U.S.C § 1291.

## II. LEGAL STANDARD

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A party may file specific written objections to the findings and recommendations of a magistrate judge. See id.; Local Rule IB 3-2(a). When written objections have been filed, the district court is required to

"make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); see also Local Rule IB 3-2(b). Where a party fails to object, however, a district court is not required to conduct "any review," *de novo* or otherwise, of the report and recommendations of a magistrate judge. Thomas v. Arn, 474 U.S. 140, 149 (1985).

## III. DISCUSSION

### A. Plaintiff's Objection to the Report and Recommendation

Plaintiff does not point to any specific factual finding in the Report and Recommendation that he contends is mistaken. Instead, he raises the following arguments. First, he re-adopts and incorporates by reference arguments from ECF Nos. 28, 46, and 48. He contends that the Magistrate Judge is biased against him and has been "erroneous" since an earlier case, No. 2:21-cv-01674. He asks that she be recused and referred for judicial discipline. Id. at 1–2, 4–5.

Second, he argues that he faces "imminent danger" from NDOC staff. He alleges he has been retaliated against, denied medical care, subjected to excessive force, and faced attempts to kill him. As such, he contends that the Prison Litigation Reform Act's imminent-danger standard overrides the "vexatious litigant" and "three strikes" analysis and requires screening of his complaint before any ruling on in forma pauperis status. Id. at 1–2.

Third, he goes through several of the prior cases listed in the Report and Recommendation. He argues that those filings were not vexatious because he was reporting misconduct by NDOC, and that the Courts that denied him relief in those cases erred. Id. at 2–4.

Fourth, he argues that the Report and Recommendation's description of his complaint is insulting and that its show-cause recommendation overreaches. He says each of his pleadings is concise and supported by case law and "irrefutable" documentation. He attributes the volume of his filings to "the chilling effect of violations," and says he has already shown cause why he is not a vexatious litigant. He also notes that no pleading has been ruled on since the Magistrate Judge's August 10, 2026, Minute Order (ECF No. 34). Id. at 4–5.

Finally, he asks the Court to screen the complaint, grant injunctive relief, verify his identity,

contact Nye County, generate the parties, deny the Report and Recommendation in its entirety, recuse the Magistrate Judge and refer her for discipline, and "call martial law." Id. at 5.

The Court has reviewed these arguments *de novo* and finds that none of them undermines the Report and Recommendation. Plaintiff's blanket incorporation of earlier filings is not a specific objection under Local Rule IB 3-2(a). The Court nevertheless considered those filings and finds that they suffer from the same deficiencies as the complaint. The imminent-danger provision of 28 U.S.C. § 1915(g) is an exception that can allow a prisoner with three prior strikes to proceed in forma pauperis. It does not prevent the Court from dismissing a frivolous complaint or from considering whether to restrict a litigant's filings. In any event, Plaintiff's imminent-danger allegations rest on the same irrational and wholly incredible premises as his complaint.

Plaintiff's disagreement with rulings in his other cases, which are not before this Court, does not show error in the Magistrate Judge's recitation of his litigation history. The Court also agrees with the Magistrate Judge's characterization of the complaint as "prolix, frivolous, and largely indecipherable." Plaintiff's assertion that his filings are well supported does not address the Magistrate Judge's determination that their factual allegations are delusional. Nothing in the record supports having Judge Youchah be recused or referred for disciplinary action; adverse rulings to the Plaintiff on their own are not evidence of bias. Plaintiff's requests are denied.

Having reviewed the Report and Recommendation and the record in this case, the Court finds no basis to reject or modify the Magistrate Judge's findings or recommendations.

**B. Dismissal with Prejudice**

The Court must screen a prisoner's complaint and dismiss any claim that is frivolous. 28 U.S.C. § 1915A(a), (b)(1). A complaint is factually frivolous when its allegations are "fanciful," "fantastic," or "delusional." Neitzke v. Williams, 490 U.S. 319, 325, 327–28 (1989). A finding of factual frivolousness is appropriate "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 33 (1992).

The Court agrees with the Magistrate Judge that Plaintiff's complaint squarely falls in this category. Plaintiff alleges a sweeping conspiracy that attributes personal harm from state prison

officials, court clerks, law offices, professional sports leagues, athletes, and media organizations. He attributes to these people kidnappings, murders, poisonings, and the implantation of "probes." His allegations are irrational and wholly incredible, and his complaint does not offer any coherent factual basis for any claim against any named defendant. Plaintiff's subsequent filings also have not cured any of these defects.

Although a *pro se* litigant is ordinarily given leave to amend, that is not the case if the pleading could not possibly be cured by the allegation of other facts. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (*en banc*). And here, amendment would be futile. The defects in the complaint are not just technical omissions but are all based on delusional factual premises repeated by Plaintiff across the numerous cases he has filed in this District. See ECF No. 52 at 1–3. Therefore, the Court dismisses this entire action with prejudice.

**C. Pending Motions and Objections**

The Magistrate Judge found that none of Plaintiff's pending motions is meritorious. See ECF No. 52 at 2. The Court has reviewed the pending motions and agrees with that conclusion. The pending motions all seek relief premised on the same irrational allegations as the complaint. Because the complaint is dismissed with prejudice, no basis remains for any requested relief. The Court therefore denies all pending motions filed by Plaintiff.

The Court also overrules Plaintiff's objections to the Magistrate Judge's August 10, 2026 Minute Order (ECF Nos. 36, 49). That order temporarily limited Plaintiff's filings until the Court could rule on sixteen pending motions. It was a reasonable exercise of the Court's authority to manage its docket in light of the volume of Plaintiff's filing, and Plaintiff has not shown that it was clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Local Rule IB 3-1(a).

**D. Order to Show Cause Regarding Vexatious Litigant Status**

Under the All Writs Act, 28 U.S.C. § 1651(a), district courts can enjoin vexatious litigants who have a history of abusing the court's limited resources. De Long v. Hennessey, 912 F.2d 1144, 1147 (9th Cir. 1990); Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007). Because such an order restricts access to the courts, it is an extreme remedy that should rarely be entered. De Long, 912 F.2d at 1148. Before entering one, a court must (1) give the litigant notice

and an opportunity to oppose the order, (2) compile an adequate record for review, (3) make substantive findings that the litigant's filings are frivolous or harassing, and (4) tailor the order narrowly. Ringgold-Lockhart v. County of Los Angeles, 761 F.3d 1057, 1062 (9th Cir. 2014) (citing De Long, 912 F.2d at 1148).

The Magistrate Judge has compiled a record of Plaintiff's litigation history and has recommended that Plaintiff be given notice and an opportunity to respond before any such order is entered. See ECF No. 52 at 1–4. The Court agrees that this is the appropriate course. The October 13, 2026 deadline recommended by the Magistrate Judge has now passed, so the Court sets a new deadline of November 9, 2026 for Plaintiff's response. The Court will decide whether to declare Plaintiff a vexatious litigant only after considering Plaintiff's response.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Magistrate Judge Youchah's Report and Recommendation (ECF No. 52) is **ACCEPTED IN FULL**.

**IT IS FURTHER ORDERED** that this entire matter, in which Plaintiff has filed over thirty motions and three objections, be dismissed with prejudice.

**IT IS FURTHER ORDERED** that all pending motions filed by Plaintiff are denied and his objections overruled.

**IT IS FURTHER ORDERED** that Plaintiff is ordered to respond and demonstrate why this Court should not declare him a vexatious litigant and all matters pending before the Court be dismissed with prejudice.

**DATED:** November 10, 2026.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**